Per Cur.
After stating the case.' — The question is whether a venire de novo should issue, or judgment be entered for the plaintiff upon the record, by this court.
None of the cases that have been cited are in point. Where a judgment in favour of defendant is reversed on the merits of the case, and where it appears that the court below, instead of giving judgment for the defendant, should have given judgment for the plaintiff, that he recover his debt, there the court which reverses, should give the same judgment which the inferior court ought to have given. Here however it was given on a point overruled. Neither this court, nor the inferior one can give judgment on this case, for the merits are not fully before either. A venire de novo must issue, and the defendant have the liberty of proving that the bills were a legal tender. The case from Salkheld 401, shows that under such circumstances the court cannot give final judgment, because the whole case does not appear before them.
It does not appear to us, nor does it follow because the court below did not think it necessary, but that the defendant may be able to make out the point which we have decided to be necessary for him to prove, and he should be allowed an opportunity of doing it.
*297 The jury have here four ! n- ict without having received any proof of a fact wb V í rk essential, because they were misdirected by the ^ourt below. The issue therefore has not been properly tried, and until it is we have not the facts so before us as to warrant us in giving judgment.
Venire de novo awarded»